## FRANCOIS v. WASHINGTON NAT. INS. CO.*
## No. 14390.

Court of Appeal of Louisiana. Orleans.
Feb. 13, 1933.

Rehearing Granted Feb. 27, 1933.

Wm. A. Green, of New Orleans, for appellant.

Harry R. Cabral, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit on two policies of industrial insurance claiming a sick benefit of $10 per week for thirteen weeks. There was judgment below allowing three weeks' disability, and defendant has appealed.

Plaintiff, Thomas Francois, a negro laborer, was operated upon in the Charity Hospital for hemorrhoids, or "a right ischio rectal abscess." He remained in the hospital about six days, and was discharged on February 3, 1932. As a part of the hospital routine, a blood test was made, and plaintiff revealed as a sufferer from syphilis; the Wasserman being strongly positive. He was given the usual syphilitic treatment, salvarsan and neoarsphenamine, for a period of some four months.

The policy sued on contains the following provision: "No benefits will be paid for sickness or death resulting wholly or in part, directly or indirectly, from any venereal disease."

It is argued that Francois' hemorrhoids were caused by the syphilitic condition of his blood. The medical testimony, however, does not sustain this contention. In the opinion of one physician, Dr. Lombard, who testified for plaintiff, the syphilitic condition had little to do with Francois' illness. Dr. Schroeder, testifying for defendant, said that the syphilis might have caused the hemorrhoids because "syphilis can stimulate any disease." Our appreciation, however, of the testimony given by both doctors, is that, while syphilis may be a contributing factor in the development of hemorrhoids upon the principle that the infection in the blood would attack any weak tissue, and it may also prolong recuperation, it does not originate the trouble. Consequently we believe that the plaintiff in this case should recover.

The policy provides that he is entitled to be paid for the time during which he is "under the care of a physician and necessarily confined to bed." Upon the record before us we are unable to say that Francois was necessarily confined to his bed for a period of more than one week, the time he spent in the hospital recuperating from the hemorrhoid operation. The balance of the time that he was under treatment appears to have been due to the syphilitic condition, but, in any event, we are convinced that he was not "necessarily confined to bed" during that time.

We see no reason, under the facts of this case, to award double indemnity and attorney's fees as authorized by Act No. 310 of 1910 in cases involving arbitrary delay in the payment of policy benefits.

For the reasons assigned, the judgment appealed from will be amended so as to reduce the amount allowed plaintiff from the sum of $30 to the sum of $10, and, as thus amended, affirmed, the defendant to pay the costs of both courts.

Amended and affirmed.

---

*For opinion annulling decree, see 146 So. 784.